## SPEED v. HERRIN.

1. In an action of trover for a slave, where the pltf. proved, that def. who was a negro trader, purchased the slave of the mother of pltf. knowing her to have only a life estate in him, and was seen with said slave in his possession a few days after the sale; it is error in the court to instruct the jury, that there was no evidence of a conversion and no sufficient proof of title, and that the pltf. had not made out a *prima facie* case.

2. The strength and sufficiency of the evidence should be left to the jury.

ERROR from St. Louis circuit court.

GEYER, for defendant.

The questions arising on the record are: Had the plaintiff according to her own shewing a right to the slave? 2. Was there any evidence of a conversion by defendant, at a time when the plaintiff had a right to the possession?

The defendant maintains the negative of both—and first, slaves are chattels and as such belong to the executor or administrator until distribution, and until then he alone is entitled to the possession.—1 *Williams on exrs.* 446; 2nd do. 609; Rev. C. 1825, 119; Littles admr. v. Chauvin, 1 Mo. Dec. 626. The suit was brought by husband and wife, in right of the wife, when the right of possession was in the husband alone as administrator. There was therefore, not only no sufficient evidence of title in plaintiffs; but the evidence shewed title out of them. 2. As to the 2nd point to maintain trover, the right of possession must be in the plaintiff at the time of the conversion.—3 Starkie, 1491. In general, evidence of some tortious act is essential to a conversion, and it is not sufficient to prove mere non-feasance.—Ib. 1494. Suppose the tenant for life, to have had the right to possession as such in 1826—the slave came lawfully into the possession of the defendant, and in such case proof of a demand and refusal is always necessary—3 Starkie, 1497; 3 Amer. Dig. 494. Thus in the case of Baker v. Headly, 7 Har. and J. 257, where it was proved in an action of trover that plaintiff was entitled at her father's death, to certain slaves, the father sold them absolutely to B. It was held that there was no proof of conversion, the action being brought after the father's death without demand or proof of a tortious act by defs.—5 Amer. Dig. 511 A plaintiff in trover who does not prove a right to possession of the property sued for, nor a conversion by

defendant, was properly told that he had not made out a prima facie case.

ALLEN cites—2 Wheat. sec. 1059, 60, 61; Banker in note; 7 Johnson's Rep. 254—pot ashes—denial—conversion; 4 Taunton R. 799; Miss. R. 482.

Opinion delivered by WASH Judge.

This was an action of trover, for the conversion of a negro boy slave, instituted in the circuit court by J. M. Speed and Therese Speed, against the defendant in error. Pending the suit in the circuit court, J. M. Speed, the husband of Therese Speed, the plaintiff in error died. The judgment in the circuit court was in favor of Herrin; to reverse which, the plaintiff now prosecutes her writ of error in this court. The facts are set out in a bill of exceptions, and so far as they are material for the consideration of the cause at this time, are, that on the 27th of Feb. 1823, one Piere Laperche dit St. John, made his last will and testament, which was duly proved and published on the 10th of April 1823; that by said will the testator bequeathed to his wife Marie, the negro boy (for whom this suit was commenced) for and during her life and after her death, to his daughter Therese, the present plaintiff; that he appointed his said wife Marie, executrix of said will, and died immediately after the execution thereof; that letters testamentary were duly granted to said Marie, who died in the year 1830, leaving the estate of her testator unadministered—that the said widow and executrix of said testator, sold said slave to said defendant Herrin, in the year 1826; that said Herrin took possession of said boy, and was seen with the boy in his possession a few days after the sale by said Marie as aforesaid; that said Herrin then lived in the southern country, and was at the time of the purchase by him of said boy, engaged as a negro trader in purchasing slaves in this country for the southern market; that said Herrin had been told before the purchase by him of said boy, that he could get no title to said slave; to which defendant answered, "that the widow of Laperche, who offered to sell said slave, had a good title for her life, and that she would live as long as the slave, and it did not matter." That Herrin was in this State in the summer of the year 1831, &c. Upon this state of facts, the circuit court instructed the jury, 1st, that there was no evidence of a conversion. 2nd. That there was no sufficient evidence of title, and 3rd. That the plaintiff had not made out a prima facie case.

JUNE TERM 1836.

Meechum
v.
Judy a woman of color.

Opinion of the court.

We think that the circut court erred in *giving these* instructions; there was certainly some evidence of a conversion; and we are inclined to consider the evidence strong on that point; but the strength or sufficiency of the evidence consisting of facts, and the inferences deducible from them ought most certainly to have been left with the jury; and the court invaded the province of the jury, in deciding that there was no sufficient evidence.

The judgment is therefore reversed and the cause remanded for a new trial, conformably to this opinion.

In an action of trover for a slave, where the pltf. proved, that def. who was a negro trader, purchased *prima facie* case. the slave of the mother of pltf.—

In an action of trover for a slave, knowing her to have only a life estate in him, and was seen with said slave in his possession a few days after the sale; it is error in the court to instruct the jury, that there was no evidence of a conversion and no sufficient proof of title, and that the pltf. had not made out a *prima facie* case.

The strength and sufficiency of the evidence should be left to the jury.